UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>v.<br><br>NEIL S. CHANDRAN,<br>GARRY J. DAVIDSON,<br>MICHAEL T. GLASPIE,<br>LINDA C. KNOTT,<br>AMY S. MOSSEL,<br>AEO PUBLISHING INC.,<br>BANNER CO-OP, INC., and<br>BANNERSGO, LLC,<br>　　　　Defendants. | No. 23 CV 10017-SDK-EAS |

**GOVERNMENT'S MOTION TO INTERVENE
AND STAY CIVIL PROCEEDINGS**

The United States of America, by undersigned counsel, respectfully moves this Court for an order (a) permitting the United States to intervene in this civil case and (b) staying discovery in this case until the resolution of the related indicted criminal case.

**I.     BACKGROUND**

On January 4, 2023, the plaintiff in this case, the Securities and Exchange Commission ("SEC"), filed a complaint alleging that Neil S. Chandran, Garry J. Davidson, Michael T. Glaspie, Linda C. Knott, Amy S. Mossel, AEO Publishing Inc., Banner Co-op, Inc., and BannersGo, LLC, violated the antifraud and registration provisions of the federal securities laws by raising more than $45 million from investors in the CoinDeal investment fraud scheme. ECF No. 1. On June 14, 2022, a federal grand jury in the District of Nebraska returned an indictment charging Chandran with wire fraud and engaging in monetary transactions in criminally derived property in connection

1

with the CoinDeal investment fraud scheme. *See United States v. Chandran*, 4:22-CR-3077 (D. Neb.) (Gerrard, J).[1] And on February 23, 2023, Glaspie pled guilty to one count of wire fraud for his fraudulent statements in the CoinDeal investment fraud scheme. *See United States v. Glaspie*, 4:23-CR-3010 (D. Neb.) (Gerrard, J).[2]

In addition to the overlapping defendants in both the SEC's case and the criminal cases, both the SEC's complaint and the criminal indictment and information involve overlapping facts and law. Specifically, according to both the SEC's complaint and the criminal indictment in *Chandran* and the criminal information in *Glaspie*, for many years, Chandran, Glaspie, and others falsely claimed that investors could generate extravagant returns by investing in CoinDeal, which was to be sold to a group of wealthy buyers, when that was, in fact, untrue.

As of the date of this motion, the parties have not yet filed a Rule 26(f) report or otherwise engaged in discovery. The United States now seeks to intervene in this civil proceeding in order to seek a stay of discovery pending resolution of the criminal case in *United States v. Chandran*.

The SEC and defendants Michael Glaspie and Amy Mossel do not oppose this motion.[3]

**II.     INTERVENTION IS APPROPRIATE**

The United States' intervention in this case is appropriate, and the Court has the power to grant the government's motion under Rule 24 of the Federal Rules of Civil Procedure. Rule 24 authorizes two forms of intervention: intervention as of right, and intervention as a matter of

---

[1] A superseding indictment was later unsealed on May 19, 2023, charging Chandran with additional counts of conspiracy, mail fraud, and wire fraud.
[2] On October 2, 2023, Glaspie was sentenced to six years.
[3] Defendant Mossel qualified her non-opposition by stating that she did not object to a stay "as long as it is a short stay." The other defendants have not entered appearances in this case, so the government did not obtain their position.

discretion. Intervention as of right is governed by Rule 24(a)(2), which provides that "anyone shall be permitted to intervene in an action…when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is represented by existing parties." "To intervene as a matter of right in a lawsuit under Federal Rule of Civil Procedure 24(a), a proposed party must establish that: '(1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest.'" *Kirsch v. Dean*, 733 F. App'x 268, 274 (6th Cir. 2018).

Under Rule 24(b)(1), discretionary intervention is appropriate "when the applicant's claim or defense and the main action have a question of law or fact in common." *See League of Women Voters of Michigan v. Johnson*, 902 F.3d 572, 577 (6th Cir. 2018). ("'On timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact.'"). In deciding whether to allow a party to intervene [on a permissive basis], 'the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *Id.* (quoting Fed. R. Civ. P. 24(b)(3)). "'So long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors is reviewed for an abuse of discretion.'" *Id.* (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997)).

In this context—that is, where there is both a pending SEC civil case and a related criminal case—courts have routinely allowed the government to intervene in the civil case for the purpose of requesting a stay. *S.E.C. v. Custable*, 1:03-cv-02182 at Doc. No. 266 (N.D. Ill. April 14, 2005); *S.E.C. v. Downe*, 1993 WL 22126 *11 (S.D.N.Y. Jan. 26, 1993) ("It is well-established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact."). Such interventions have been granted both as a matter of right under Rule 24(a)(2), *e.g.*, *S.E.C. v. Mutuals.com. Inc.*, 2004 WL 1629929 (N.D. Tex. July 20, 2004), and as a matter of discretion under Rule 24(b)(1), *e.g.*, *S.E.C. v. Chestman*, 861 F.2d 49, 50 (2nd Cir. 1988); *S.E.C. v. Mersky*, 1994 WL 22305 (E.D. Pa., Jan. 25, 1994); *Downe*, 1993 WL 22126.

In this case, intervention by the United States is appropriate both as a matter of right and as a matter of discretion. First, the government's motion is timely, having been brought before the commencement of civil discovery in the SEC's case.

Second, there is substantial factual overlap between the civil enforcement action brought by the SEC and the pending criminal case. As noted above, the investor schemes in the two cases are largely the same, and two of the defendants in the SEC's case are also defendants in the criminal cases.

Third, the government's interest in this case will be impacted if this Court does not stay the SEC's civil case. Under similar circumstances, courts have determined that a stay is appropriate in order to avoid unfair prejudice to the United States by permitting the defendants to obtain civil discovery to which they would not otherwise be entitled in a criminal case, including taking

depositions of the government's witnesses. *See, e.g.*, *Downe*, 1993 WL 22126, at *12-13 (granting stay in part because defendants would otherwise be able to obtain testimony via civil discovery from the government's witnesses). Moreover, "even though the SEC is involved in this action, the United States Attorney may have an interest in this litigation which is qualitatively different from the SEC's interest." *Downe*, 1993 WL 221126 at *12; *Mutuals.com*, 2004 WL 1629929 at *2.

Accordingly, the government requests that it be permitted to intervene in this civil case for the purpose of seeking a temporary stay of discovery.

### III. DISCOVERY IN THIS CASE SHOULD BE TEMPORARILY STAYED PENDING RESOLUTION OF THE CRIMINAL CASE

Based on a district court's inherent power to control and manage its docket, this Court has authority to stay all or any portion of this case. *See Landis v. North American Co.*, 299 U.S. 248, 255 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

In determining whether to stay proceedings and the scope of any stay order, courts should consider: "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014).

The factors here weigh heavily in favor of a stay. On the first factor, the issues in the criminal case overlap substantially with those in the civil case. Both cases concern "CoinDeal,"

the fraudulent investment opportunity offered by defendant Neil Chandran and others. The scope and substance are both are identical. The criminal indictment and the civil complaint allege that, from 2018 through 2022, defendant Chandran and others raised more than $45 million from thousands of ordinary investors. A trial in both cases would involve many of the same witnesses and documents.

On the second factor, defendant Chandran has been indicted, which weighs in favor of a stay. *See E.M.A. Nationwide*, 767 F.3d at 628 ("[C]ourts generally do not stay proceedings in the absence of an indictment.").[4]

On the third factor, the plaintiffs here, the SEC, does not oppose a stay of the proceedings until the resolution of the criminal case.

On the fourth factor, defendants Michael Glaspie and Amy Mossel also do not oppose a stay. While the other defendants have not entered notice of appearances in this case, defendant Chandran—if he later did enter an appearance—would benefit from a stay as he would not be forced to invoke his Fifth Amendment right against self-incrimination. *See S.E.C. v. Abdallah*, 313 F.R.D. 59, 64-65 (N.D. Ohio 2016) (granting stay when doing so "would eliminate the risk that [defendant's] Fifth Amendment privilege against self-incrimination might be undermined"); *S.E.C v. Nicholas*, 569 F.Supp.2d 1065, 1070 (C.D. Cal. 2008) ("The specter of parties and witnesses invoking their Fifth Amendment rights would render civil discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the Defendants.").

---

[4] Defendant Michael Glaspie's conviction by guilty plea makes his criminal case irrelevant to this analysis *See United States v. Glaspie*, 4:23-cr-03010-JMG-CRZ (D. Neb.).

On the fifth factor, "the resolution of the criminal proceedings may serve to expedite the civil proceedings, avoiding the needless expense of judicial time and resources." *Id.* at 65. "The conviction of a civil defendant as a result of the entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges." *In re Worldcom, Inc. Sec. Litig.*, No. 02 CIV. 3288 (DLC), 2002 WL 31729501, at *8 (S.D.N.Y. Dec. 5, 2002).

On the final factor, the public interest also weighs in favor of a stay. "The government ha[s] a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *S.E.C. v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988). And "the 'public interest in effective criminal prosecution generally outweighs any existing civil interests.'" *S.E.C. v. Bongiorno*, 594 F. Supp. 3d 938, 945 (N.D. Ohio 2022) (citing *Abdallah*, 313 F.R.D. at 61).

Accordingly, the government requests that the Court issue a stay of discovery in this case until the resolution of the criminal case.

## IV. CONCLUSION

For the foregoing reasons, the government requests that the Court grant its motion to intervene and stay all discovery in this case pending further order of the Court and pending the resolution of the related criminal matter captioned *United States v. Chandran*, 4:22-CR-3077 (D. Neb.).

Respectfully submitted,

GLENN S. LEON
Chief, Fraud Section
Criminal Division
U.S. Department of Justice


By: /s/ William Johnston
WILLIAM E. JOHNSTON
Assistant Chief
TIAN HUANG
Trial Attorney
1400 New York Ave NW
Washington, DC 20005
(202) 514-0687

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the Government's Motion to Intervene and Stay Civil Proceedings using the Court's CM/ECF system which will send a notice of electronic filing to all CM/ECF participants of record, and will serve Michael Glaspie and Amy Mossel via email.

Dated: October 12, 2023

                                               s/ William Johnston
                                               WILLIAM JOHNSTON
                                               Assistant Chief