UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

      Plaintiff,                          Case No. 23-cv-10017

      v.                                District Judge Shalina D. Kumar
                                       Magistrate Elizabeth A. Stafford

NEIL S. CHANDRAN, et al.,

      Defendants.
_____/

## STIPULATED PROTECTIVE ORDER

WHEREAS, the undersigned parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of financial, personal identifying and other information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other

1

interested persons with actual or constructive notice of this Order—will adhere to the following terms, upon pain of contempt:

    1.    As used in this Protective Order, the term "Confidential Information" shall mean any one or more of the following categories of information: (a) any social security or tax identification number; (b) any financial account number, including for a bank account, credit card account, brokerage account, mortgage, student loan, or other loan; (c) tax returns; (d) the home address, phone number and personal email address of any individual person; (e) any passport number, driver's license number, or state-issued identification number; (f) the birth date of any individual person; (g) the name of any individual person known to be less than 18 years old; and (h) personal medical information. Confidential Information does not include the last four digits of a financial account number or phone number, the city and state of an individual's home address, the year of an individual's birth, or copies of unredacted filings by regulated entities or registrants that are available on the Securities and Exchange Commission's public website.

    2.    The Parties shall maintain the confidentiality of the Confidential Information, shall use it solely for the prosecution and defense of this action and any appeals thereto, and not for any other.

    3.    Each person who has access to Confidential Information pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

4. Should a Party wish to publicly file any document containing any Confidential Information in this proceeding, or portions of any pleadings, motions, or other papers that disclose such Confidential Information, the Party will ensure that the Confidential Information is redacted in those copies filed via the Electronic Case Filing System.

5. If the redacted Confidential Information is material to any Party's filing, the redacting Party shall seek to file an unredacted copy of the document(s) containing the Confidential Information under seal in accordance with the applicable local rules and procedures of this Court. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. *See* Local Rule 5.3.

6. Nothing contained in this Order will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

7. Nothing in this Order will prevent any Party from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Party who originally produced the Confidential Information (the "Producing Party") as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other

compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

8. Notwithstanding the restrictions in this Order, Plaintiff may disclose, without notice, any Confidential Information within the United States Securities and Exchange Commission ("SEC") itself and/or to any other governmental agencies or bodies. Nothing herein shall be construed to limit the retention or use of Confidential Information by the SEC for any "Routine Uses of Information" identified in SEC Form 1662 ("Supplemental Information for Persons Requested to Supply Information Voluntarily Or Directed to Supply Information Pursuant to a Commission Subpoena"), or as otherwise required by the statutes and regulations governing SEC practices, policies, and procedures.

9. Nothing contained in this Order will be construed as: (a) a ruling regarding the admissibility at trial of any document, testimony, or other evidence; (b) a waiver by a Party of its right to object to any discovery request; or (c) a waiver of any privilege or protection.

10. The Parties agree, and it is ordered pursuant to Rule 502(d) of the Federal Rules of Evidence, that: (a) in the event a document protected by attorney client privilege, the attorney work product doctrine, or other applicable privilege or protection is unintentionally produced by any Party, the Party may request that the document be returned; (b) upon such a request, the other Party and respective counsel shall promptly return all copies of the document in their possession,

custody, or control to the producing Party and shall not retain or make any copies of the document or any documents derived from such document; and (c) the inadvertent disclosure of a privileged or otherwise protected document does not constitute a waiver of the applicable privilege or work product protection with respect to that document or any other documents involving the same or similar subject matter, and any such disclosure does not constitute a waiver in any other federal or state proceeding.  The foregoing shall not limit any Party's right to contest another Party's claim of privilege or protection from discovery.

11. The obligations imposed by this Order shall survive the termination of this action provided that nothing contained herein shall preclude the SEC from complying with applicable statutes and regulations governing the preservation and disposition of official government records.

12. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

IT IS SO ORDERED.

s/Shalina D. Kumar  
Shalina D. Kumar  
United States District Judge

Dated: October 18, 2023